**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

**UNITED STATES OF AMERICA,**

Plaintiff,

v.

**Case No.** 23-00358-13-CR-H-LHR

**JEREMY JAMES JENKINS**,

Defendant.

**GOVERNMENT'S SUGGESTIONS IN OPPOSITION**
**TO DEFENDANT'S SECOND MOTION TO SET BOND**

The Government respectfully requests that this Court deny Defendant's second Motion to
Set Bond filed on April 25, 2025, and in support thereof offers the following:

## I.  PROCEDURAL HISTORY

On August 16, 2023, a federal grand jury seated in Houston, Texas, returned an indictment
charging Defendant with conspiracy to interfere with commerce by robbery, in violation of 18
U.S.C. § 1951(a); conspiracy to possess with the intent to distribute a controlled substance, in
violation of 21 U.S.C. §§ 846; attempt to possess with the intent to distribute a controlled
substance, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; and possession of a firearm in
furtherance of a drug trafficking crime, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2. (D.E.
1.) On August 24, 2023, Defendant was arrested and made an initial appearance before the
Honorable Yvonne Y. Ho, United States Magistrate Judge, Southern District of Texas. The
Government moved for Defendant's detention, and he was temporarily detained pending a hearing
on the Government's motion. (D.E. 17.)

On August 28, 2023, a detention hearing was held before the Honorable Andrew M. Edison, United States Magistrate Judge, Southern District of Texas. After hearing evidence, Judge Edison entered an order releasing Defendant on a $50,000 unsecured bond subject to various conditions. (D.E. 46.) Among other things, the conditions prohibited Defendant from "violat[ing] any federal, state or local law" and barred him from possessing controlled substances as a condition of release on bond. (D.E. 26 at 1 & 2.) Defendant signed a notice regarding his conditions of release and the penalties for violating them. (D.E. 46 at 6.) An unsecured appearance bond was promptly entered and Defendant was released. (D.E. 45.)

On January 26, 2024, a United States Pretrial Services filed a bond violation report alleging that Defendant committed a new crime while on release and that he failed to maintain or actively seek employment. (D.E. 75.) The report primarily arose from Defendant's arrest for criminal mischief on January 23, 2024. (D.E. 75.) A hearing was held regarding the violations on February 8, 2024, and Judge Edison modified Defendant's conditions of release to require that he submit to home detention with GPS location monitoring. (D.E. 80.)

On September 18, 2024, the Government filed a motion to revoke Defendant's bond, arguing that Defendant violated the terms of his pretrial release by violating federal, state, or local law and possessing controlled substances. (D.E. 92.) On October 1, 2024, a hearing on the Government's motion was held before Judge Edison, whereat the parties made arguments regarding Defendant's release from custody pending trial. The Government also elicited testimony from Special Agent Joseph Gregory, Federal Bureau of Investigation, regarding Defendant's perpetration of a bank fraud scheme while on bond, in addition to apparent sales of controlled substances advertised via Instagram. (Hrg. Minutes., Oct. 1, 2024.) Judge Edison ordered Defendant's bond revoked and issued a written order following the hearing finding probable cause

that Defendant committed a federal, state, or local crime while on release, and he was therefore unlikely to abide by any condition or combination of conditions of release. (D.E. 180.)

On December 17, 2024, Defendant filed his first Motion to Set Bond, arguing that an offer of employment and his grandmother's ailing health supported pretrial release. (D.E. 105.) The Government filed a response in opposition on December 19, 2024. (D.E. 108.) On December 27, 2024, the Court entered an order denying the first Motion to Set Bond, reasoning that the factors in section 3142 "continue to weight in support of detention" despite a job offer and his grandmother's illness. (D.E. 111 at 2.) The Court went on to note that Defendant engaged in bank fraud and drug trafficking while previously on bond, which demonstrated that "there is no combination of conditions of release that could mitigate the public safety concerns [Defendant] presents." (D.E. 111 at 2.)

On February 27, 2025, a federal grand jury seated in Houston, Texas, returned a superseding indictment charging Defendant in Count One, conspiracy to interfere with commerce by robbery, in violation of 18 U.S.C. § 1951(a); Count Two, conspiracy to possess with the intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) & (D), and 846; Count Twelve, attempt to possess with the intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; and Count Thirteen, possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2. (D.E. 113.) This superseding indictment incorporated charges and defendants from a separate, previously filed indictment and expanded the scope of the alleged robbery conspiracy charged in Count One. Defendant appeared for an arraignment on the superseding indictment on March 11, 2025. (D.E. 143.) The case was certified complex on May 1, 2025. (D.E. 193.)

On April 25, 2025, Defendant filed a second Motion to Set Bond, advancing many of his previous arguments as well as proposing a third-party custodian and various conditions to mitigate public safety concerns, including home detention, drug testing, and a social media prohibition. (D.E. 190.) For the following reasons, Defendant's renewed motion should be denied.

## II. <u>ANALYSIS</u>

The Court should deny Defendant's motion, because he has not demonstrated a sufficiently compelling reason for release from pretrial detention at this time. If a magistrate judge orders the release or detention of a defendant, either party may move the district court for a revocation of the order. 18 U.S.C. § 3145(a). A district court reviews the magistrate judge's order de novo. *United States v. Tortora*, 922 F.2d 880, 883 n.4 (1st Cir.1990); *United States v. Thibodeaux*, 663 F.2d 520, 522 (5th Cir. 1981) (analyzing former section 3147); *United States v. Fortna*, 769 F.2d 243, 249 (5th Cir. 1985); *United States v. Koenig*, 912 F.2d 1190, 1191–92 (9th Cir.1990); *United States v. Leon*, 766 F.2d 77, 80 (2d Cir.1985); *United States v. Delker*, 757 F.2d 1390, 1394–95 (3d Cir.1985); *United States v. Medina*, 775 F.2d 1398, 1402 (11th Cir.1985).

"Under the Bail Reform Act, . . . a defendant may be detained pending trial only if a judicial officer 'finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community.'" *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010) (citing 18 U.S.C. § 3142(e)). Subject to rebuttal, "when a 'judicial officer finds that there is probable cause to believe' that a defendant committed one of the crimes listed in section 3142(e)(3), there is a presumption in favor of detention." *Id*. "A grand jury indictment, by itself, establishes probable cause to believe that a defendant committed the crime with which he is charged. Thus, when the Government presents an indictment including charges listed in section 3142(e)(3), it has fulfilled its burden to establish the presumption in favor

of detention." *Id*. (citation omitted). In the present case, a grand jury returned a superseding indictment charging Defendant with violations of the Controlled Substances Act punishable by more than 10 years' imprisonment. Therefore, the statutory presumption applies.

"Regardless of whether the presumption applies, the government's ultimate burden is to prove that no conditions of release can assure that the defendant will appear and to assure the safety of the community." *Id*. at 946. In determining whether the Government has met this burden, courts must consider:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, . . . a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including—
>
> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

*Id*. (citing 18 U.S.C. § 3142(g)). Danger to the community does not only refer to physical violence but extends to any likely conduct that will harm the community, including the potential for continued criminal activity. *United States v. Tortora*, 922 F.2d 880 (1st Cir. 1990); *see also United States v. Boy*, 322 F. App'x 598, 600 (10th Cir. 2009) ("The concept of safety of the community under § 3142(e) is not limited to the danger of physical violence, but rather refers to the danger

that the defendant might engage in criminal activity to the detriment of the community." (internal quotation and citation omitted)).

Once again, nearly all of the facts Judge Edison considered when reaching his decision to revoke Defendant's bond and detain him pending trial are still present. Most concerning is the fact that Defendant engaged in new criminal activity while on bond, including a bank fraud scheme and drug trafficking offenses. (D.E. 100.) Judge Edison found probable cause that Defendant committed these felonies and, therefore, a rebuttable presumption arose "that no condition of combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community." 18 U.S.C. § 3148(b). Based on Defendant's flagrant violation of his conditions of release—notably, continued drug trafficking while on pretrial release for a drug trafficking crime—Judge Edison quite reasonably concluded that Defendant was unlikely to abide by any court-ordered conditions of release. Judge Edison previously imposed more onerous conditions on Defendant by requiring him to submit to home detention with location monitoring, yet that was still insufficient to prevent him from engaging in criminal activity. These factors continue to demonstrate that Defendant is unlikely to abide by any condition or combination of conditions of release, and therefore revocation was mandatory. 18 U.S.C. § 1848(b) ("The judicial officer shall enter an order of revocation and detention if . . . there is . . . probable cause to believe that the person has committed a . . . crime while on release; . . . [and] the person is unlikely to abide by any condition or combination of conditions of release."). The Court considered these same facts when Defendant filed his first Motion to Set Bond and determined that detention was appropriate. (D.E. 111.)

Defendant again suggests that his grandmother's ailing health mitigates public safety concerns and shifts the balance in favor of pretrial release. This argument was previously rejected

by Court. (D.E. 111.) In the present motion, Defendant now proposes a third-party custodian and various conditions of release, including home detention, drug testing, and a prohibition on social media use. (D.E. 190.) However, Defendant was in the care of the same third-party custodian when originally granted bond in this case, which was insufficient to protect the community. (D.E. 46 at 2.) And with respect to the new proposed conditions, Defendant was subject to many of them already, yet they did not prevent him from trafficking in controlled substances and defrauding banks. Most notably, Defendant was already on home detention with GPS monitoring when on bond, which he proved was inadequate to protect the community from his criminality. (D.E. 80.) Based on Defendant's prior insistence on disregarding or circumventing court-ordered conditions, the Government has no confidence that new conditions such as drug testing and a prohibition on social media use will prove effective.

## III. CONCLUSION

WHEREFORE, based on the foregoing, the United States requests that the Court deny Defendant's motion.

NICHOLAS J. GANJEI
United States Attorney
Southern District of Texas

By                    
Byron H. Black
Assistant United States Attorney
SDTX Fed. No. 3874745
1000 Louisiana Street, Suite 2300
Houston, Texas 77002
Telephone: (713) 567-9432
Email: Byron.Black@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a copy of the foregoing was delivered on May 7, 2025, to the CM-ECF system of the United States District Court for the Southern District of Texas for electronic delivery to all counsel of record.

Byron H. Black
Assistant United States Attorney